**Hand-Delivered**

FILED
CHARLOTTE, NC

AUG 1 2 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

WANDA JACKSON, Plaintiff,

v.

TRANSIT MANAGEMENT OF CHARLOTTE, LLC;

CHARLOTTE AREA TRANSIT SYSTEM (CATS), Defendants.

3:26-cv-663-SCR

COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964.

2. This Court has supplemental jurisdiction over Plaintiff's claim under the North Carolina Retaliatory Employment Discrimination Act (REDA) pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Western District of North Carolina, Charlotte Division, because the events giving rise to this action occurred in Mecklenburg County, North Carolina.

## FACTUAL ALLEGATIONS

1. Plaintiff Wanda Jackson is a resident of Mecklenburg County, North Carolina.

2. Plaintiff was employed by Transit Management of Charlotte, LLC as a Coach Attendant working third shift at the Davidson bus facility.

3. On or about November 23, 2025, while Plaintiff was cleaning a bus during her third-shift assignment, an unauthorized intruder entered the property through a broken section of the fence that was large enough for a person to fit through.

4. The intruder approached the bus Plaintiff was cleaning, beat on the bus door, and attempted to gain access to the bus while Plaintiff was inside. Police responded and a report was made.

5. This was the second incident involving unauthorized individuals entering the property through the broken fence.

6. Plaintiff immediately reported her safety concerns to management and informed them that she did not feel safe returning to work until the broken fence was repaired and the hazard corrected.

7. Management informed Plaintiff that the fence would be repaired in February 2026. However, the fence was never repaired and continued to allow unauthorized access. Plaintiff has photographs documenting the condition.

8. Plaintiff was never informed that her job was in jeopardy because she refused to return due to legitimate safety concerns. Defendants did not offer reassignment or another reasonable alternative.

9. Plaintiff missed work because she feared for her safety and was terminated on December 24, 2025.

10. Plaintiff pursued the union grievance process through Step 3.

11. During the grievance process, Defendants acknowledged the intruder incident and the issues with the broken gate and fence.

12. During Step 3, Plaintiff was informed she could return to work with back pay only if she agreed to a one-year probationary period and apologized for contacting City of Charlotte officials regarding workplace safety.

13. Defendants also offered Plaintiff approximately $14,000 if she agreed not to return to work. Plaintiff declined because she wanted to keep her employment.

14. Plaintiff received unemployment benefits for approximately 12 weeks, which ended on April 6, 2026. Plaintiff currently has no income and has been actively seeking employment.

15. Plaintiff filed a complaint under REDA and received a 90-Day Right-to-Sue letter. Plaintiff also filed a Charge of Discrimination with the EEOC and received a Notice of Right to Sue.

16. Plaintiff alleges Defendants retaliated against her after she reported workplace safety concerns and refused to return to work until the unsafe condition was corrected.

17. Plaintiff further alleges Defendants retaliated against her by conditioning her return to work with back pay on apologizing for contacting City officials regarding workplace safety.

18. Plaintiff further alleges Defendants discriminated against her after she engaged in protected activity, including reporting unsafe working conditions and seeking assistance from City officials.

19. Plaintiff is African American and alleges that Defendants discriminated against her because of her race in violation of Title VII of the Civil Rights Act of 1964.

20. Plaintiff alleges that similarly situated employees of a different race were treated more favorably under comparable circumstances.

21. Plaintiff alleges that race was a motivating factor in the adverse employment actions taken against her, including the conditions imposed on her return to work and her termination.

COUNTS FOR RELIEF

Count I – Retaliation under REDA

Count II – Retaliation under Title VII

Count III – Race Discrimination under Title VII

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

RELIEF REQUESTED

Back pay and lost benefits;

Front pay or reinstatement;

Compensatory damages;

Punitive damages where permitted by law;

Court costs and any other relief authorized by law;

Prejudgment and post-judgment interest as allowed by law;

Trial by jury;

Such other relief as the Court deems just and proper.

Respectfully submitted,

Wanda Jackson
1014 Fontana Avenue
Charlotte, NC 28206
Phone: 980-833-3380
Email: Wanda.Jackson48@yahoo.com

Signature: _Wanda Jackson_ Date: _8-12-26_